UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-80060-Middlebrooks/Matthewman

UNITED STATES OF AMERICA,

v.

RAYMOND LEE BUFORD,

    Defendant.
_____/

FILED BY____KJZ____D.C.

Jul 8, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from the Honorable United States District Judge Donald M. Middlebrooks, DE 38, and the consent of the parties for a United States Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Raymond Lee Buford ("Defendant"). The Court held a change of plea hearing in open Court on July 8, 2022, which was attended by Defendant, his counsel, James Alan Swetz, Esq., and Assistant United States Attorney Brian Ralston, Esq., on behalf of the Government. The Court hereby advises, finds and recommends as follows:

The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court also advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge,

who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1. The Court advised Defendant that he did not have to consent to the undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

2. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. A written plea agreement has been entered into by the parties in this case. [DE 41]. This Court reviewed the plea agreement with the Defendant in open Court and had the Defendant acknowledge that he had reviewed and signed the plea agreement.[1] This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

4. Defendant acknowledged that he was fully satisfied with the services of his attorney James Alan Swetz, and that he had full opportunity to discuss all facets of his case with his attorney.

5. Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to Counts One[2] and Two of the Indictment. Count One charges Defendant possession

---

[1] There were several brief recesses during Defendant's change of plea hearing so that Defendant could consult with his attorney about the terms of the plea agreement.
[2] Defendant actually pled guilty to a lesser included offense of possession with intent to distribute a controlled substance (cocaine and N-Dimethylpentylone a/k/a dipentylone) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C §§ 841(a)(1) and 841 (b)(1)(B)(ii)(II). [DE 13]. However, Defendant pled guilty to the lesser included offense of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Two charges Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [DE 13].

6. The parties filed a Plea Agreement [DE 41] and Factual Basis in Support of Guilty Plea [DE 42], made part of the record and both signed by Defendant, defense counsel, and the Government. This factual proffer includes all of the essential elements of and factual support for the offenses to which Defendant pled guilty. Defendant acknowledged that, as amended by the parties during the change of plea hearing, the written proffer and oral proffer were true and correct.[3]

7. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

FINDS and RECOMMENDS that Defendant, Raymond Lee Buford, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Counts One and Two of the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offenses, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a

---

[3] Defendant took issue with certain language in Paragraphs 1 and 2 of the Factual Basis in Support of Guilty Plea. The Court took a recess and allowed defense counsel and the Government to interlineate the Factual Basis in Support of Guilty Plea with their agreed changes so that Defendant would be in full agreement with the facts. The prosecutor then changed his oral proffer to comport with the amended written factual proffer.

final disposition of this matter. Sentencing is currently set for September 21, 2022, at 10:30 a.m. before the Honorable Donald M. Middlebrooks, U.S. District Judge.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of July, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge